JUDGE SCHEINDLIN        07 CV 3628

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAY 08 2007

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. |
| | : | |
| v. | : | |
| | : | |
| Kan King Wong and Charlotte Ka On Wong Leung, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## COMPLAINT

Plaintiff Securities and Exchange Commission (Commission or SEC) alleges:

1.    This is an insider trading case involving highly profitable and highly suspicious purchases of Dow Jones Company, Inc. (DJ) common stock by defendants in an account at a Hong Kong branch of Merrill Lynch & Co. (Merrill Lynch) from April 13, 2007 through April 30, 2007.  These purchases were made in advance of a public announcement on May 1, 2007, that DJ had obtained an offer to be acquired by News Corporation (News Corp.) at a price of $60.00 per share.  As a result of the announcement, DJ's stock price jumped 58 percent over the current day's opening price, placing defendants in a position to gain substantial profits on their purchase of DJ stock.  Defendants are residents of Hong Kong.

2.  Upon information and belief, while in possession of material, non-public information concerning the proposed, but unannounced offer to purchase DJ, from April 13 through 30, 2007, defendants purchased a total of 415,000 shares of DJ common stock.  In advance of the announcement, defendants engaged in widespread and unlawful trading activity and are in a

position to yield approximately $8,183,423 in profits from their stock purchases. Defendants used their Merrill Lynch account to engage in their unlawful trading. If liquidated at current market prices, defendants' profit on these trades would be approximately $8.1 million.

3.      Upon information and belief, defendants made these trades while acting in concert and pursuant to a common plan or scheme.

## JURISDICTION AND VENUE

4.      This Court possesses jurisdiction over this matter pursuant to Sections 21(e), 21A, and 27 of the Securities Exchange Act of 1934 [15 U.S.C. §§ 78u(e), 78u-1, 78aa]. Venue lies in this Court pursuant to Section 27 of the Securities and Exchange Act of 1934 (Exchange Act), 15 U.S.C. § 78aa. Certain of the acts, practices, transactions, and courses of business occurred within the Southern District of New York. For example, DJ stock is traded on the New York Stock Exchange (NYSE) in New York, New York.

5.      Defendants have directly or indirectly, made use of the instrumentalities of interstate commerce, or of the mails, or the facilities of a national securities exchange in connection with the acts, practices, transactions, and courses of business alleged in this complaint.

6.      Defendants will, unless restrained and enjoined, continue to engage in the acts, practices, transactions, and courses of business alleged in this complaint, or in acts, practices, transactions, and course of business of similar purport and object.

## DEFENDANTS

7.      Kan King Wong is a resident of Hong Kong. He resides at Flat C, 20/F, The Albany, 1 Albany Road, Mid-Levels, Hong Kong. He is the part owner of an account with

Merrill Lynch in Hong Kong in which 415,000 shares of DJ stock were purchased during the two weeks prior to an announcement that News Corps. offered to acquire DJ.

8.    Charlotte Ka On Wong Leung, the wife of Kan King Wong, is also a resident of Hong Kong.  She resides at Flat C, 20/F, The Albany, 1 Albany Road, Mid-Levels, Hong Kong She is the part owner with her husband of an account with Merrill Lynch in Hong Kong in which 415,000 shares of DJ stock were purchased during the two weeks prior to an announcement that News Corps. offered to acquire DJ.

## RELEVANT ENTITIES

9.    Merrill Lynch & Co. is a broker dealer registered with the Commission based in New York, New York with locations world-wide.

10.    Dow Jones Company, Inc. is a Delaware corporation headquartered at 200 Liberty Street, New York, New York.  DJ is a provider of global business and financial news through multiple channels of media, including The Wall Street Journal, Barrons, Dow Jones Newswires, Dow Jones Indexes and MarketWatch.com.  Dow Jones securities are traded on the NYSE.

## FACTUAL ALLEGATIONS

11.    On May 1, 2007, at approximately 11:00 a.m. EST, News Corp. announced that it would offer to acquire DJ in a deal worth $60.00 per share.  On the morning of May 1, 2007, the opening price for DJ common stock was $37.12 per share.  Following the announcement later that morning, the price of DJ common stock increased to $57.28 per share, a 58 percent increase. Prior to May 1, 2007, the acquisition was confidential, non-public information.

12.    During April 13, 2007 through April 30, 2007, while in possession of material, non-public information regarding the offer to buy DJ by News Corps., defendants purchased 415,000 shares of DJ stock at a cost of $15,023,215.  At the close of the market on May 4, 2007,

the 415,000 shares were worth approximately $23 million and the net profit that defendants could realize on the shares was $8,183,423.

13.  Defendants did not have all of the funds available in their Merrill Lynch account to purchase all 415,000 shares of DJ stock on April 13, 2007.  Instead, defendant wired $3,188,600 to their Merrill Lynch account on April 18, 2007, from an individual named Leung Kai Hung Michael, the father of defendant Charlotte Ka On Wong Leung.  On April 20, 2007, defendants wired $3,986,727 to their Merrill Lynch account from JP Morgan Int'l Bank in Brussels, Belgium.  Finally, on May 3, 2007, after defendants purchased the shares, two margin loans in the amounts of $335,157 and $4,500,000 were deposited into their Merrill Lynch account.

14.    On May 4, 2007, defendant Kan King Wong placed an order to sell all 415,000 shares of DJ stock held in their Merrill Lynch account in Hong Kong.  Upon information and belief at the time defendant Kan King Wong placed his sale order he inquired of his broker how long it would take for the proceeds of the sale to be available in his account.  The sale of these shares will yield defendants $23,206,638 and net them a profit of 8,183,423.

## CLAIM FOR RELIEF

### Violations of Exchange Act Section 10b and Rule 10b-5 Promulgated Thereunder

15.    Paragraphs 1 through 14 are realleged an incorporated by reference.

16.    Upon information and belief, at the time defendants purchased the 415,000 shares of DJ stock they were in possession of material non-public information about the offer of News Corps. to acquire DJ.  Defendants knew, or had reason to know, or recklessly disregarded the fact that (a) their trading was in breach of fiduciary duties or similar duties of trust and confidence owed to the shareholders of DJ or to the source from whom they received the material non-public information; or (b) material non-public information about the acquisition

4

had been communicated to defendants in breach of fiduciary or similar duty of trust and confidence.

17.     Defendants have the opportunity to make aggregate illegal profits because the value of the stock that they purchased, as set forth above, rose in response to the announcement of the proposed acquisition.

18.     By reason of the foregoing, defendants, directly and indirectly, violated Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and are likely to commit such violations in the future unless enjoined from doing so.

### RELIEF SOUGHT

**WHEREFORE**, the Commission respectfully requests that the Court enter a judgment:

### I.

Permanently restraining and enjoining defendants, their agents, servant, employees, attorneys-in-fact, and all person in active concert or participation with them who receive actual notice of the injunction by personal service or otherwise, and each of them, from violating Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5];

### II.

Ordering defendants to disgorge all profits realized from the unlawful trading alleged herein, with prejudgment interest;

### III.

Ordering defendants to pay civil monetary penalties pursuant to Section 21A of the Exchange Act [15 U.S.C. 78U-1]; and

**IV.**

Granting such other relief as this Court deems just and proper.


Dated: May 8, 2007

Respectfully submitted,

Reid Muoio (RM-2274)

Jan M. Folena (pro hac vice pending)
Jason Anthony
Attorneys for Plaintiff
Securities and Exchange Commission
Division of Enforcement
100 F Street, N.E.
Washington, D.C. 20549-1040
Telephone: (202) 551-4738 (Folena)
Facsimile:  (202) 772-9246 (Folena)
folenaj@sec.gov

6