UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

      v.

Kan King Wong and
Charlotte Ka On Wong Leung,

                Defendants.

Civil Action No. 07-CV-3628

---

**EMERGENCY MOTION FOR AN *EX PARTE* TEMPORARY RESTRAINING ORDER
FREEZING ASSETS AND GRANTING OTHER RELIEF
AND FOR AN ORDER TO
SHOW CAUSE WHY THE ASSET FREEZE SHOULD NOT CONTINUE**

Plaintiff Securities and Exchange Commission (SEC or Commission) respectfully requests that the Court grant the Commission's *ex parte* application for: (1) a temporary restraining order freezing defendants assets, (2) an order requiring defendants to show cause why their assets should not remain frozen until the conclusion of this litigation, (3) an order for expedited discovery, (4) an order authorizing alternative means for service of process, and (5) an order preventing document alteration or destruction. As set forth in the accompanying declaration of Jason M. Anthony and the Commission's memorandum of law in support of this motion, an *ex parte* proceeding is necessary in this action to prevent the dissipation of defendants' ill-gotten gains obtained as a result of their massive purchase of common stock in Dow Jones Company, Inc. (DJ) while in possession of material non-public information. Notice to defendants will almost certainly result in the dissipation of the over $8 million in proceeds from the 415,000 shares of DJ stock purchased through an account at Merrill Lynch & Co.

(Merrill Lynch) in Hong Kong and moved to an account with a foreign entity beyond this Court's jurisdiction. The *ex parte* relief that the Commission seeks will preserve the status quo and prevent immediate, irreparable harm which will occur if defendants are notified of this proceeding and/or the normal course of litigation is pursued. No previous application for similar relief has been made in this case. Anthony Declaration (Dec.) ¶¶ 28-31.

1.  As set forth in the Anthony declaration, defendants purchased 415,000 shares of DJ common stock at a cost of over $15,000,000 during the two weeks proceeding the announcement that News Corporation (News Corp.) would offer to acquire DJ at a price of $60.00 per share. Defendants are residents of Hong Kong and purchased these shares through an account at a branch of Merrill Lynch located in Hong Kong. Immediately following the acquisition announcement, defendants enjoyed an unrealized profit of more than $8,000,000. On May 4, 2007, defendants entered an order with Merrill Lynch to sell the entire DJ position. The trades will settle and the $8,183,423 million in proceeds will be available to defendants to move out of the Merrill Lynch account on May 9, 2007. Anthony Dec. ¶¶ 4, 13-27.

2.  This case presents an emergency. Defendants are residents of Hong Kong and the DJ shares are held in an account in Hong Kong. Given that the subject stock purchases occurred through a foreign branch of a domestic brokerage firm and that defendants have as of May 4, 2007, entered an order to sell all 415,000 shares of the DJ stock and the proceeds will be available for transfer on May 9, 2007, there is a substantial basis for concluding that absent an immediate order freezing the accounts holding the DJ shares, defendants will liquidate their position and move the proceeds into accounts in foreign institutions beyond the jurisdiction of this Court, making it much more difficult if not impossible to satisfy a potential final judgment against the defendants. Id.

3. Given the exigency of this situation, the Commission has brought this action expeditiously and has not had an opportunity to conduct a complete investigation of this matter. Nonetheless, the circumstantial evidence that it has developed in just a few days strongly indicates that the defendants purchased DJ common stock while in the possession of material nonpublic information concerning the proposal by News Corps. to acquire DJ on May 1, 2007.

4. The Commission's past experience is that persons who violate the federal securities laws by engaging in illegal insider trading often attempt to move assets beyond the effective jurisdiction of the United States courts. Such movement of assets makes it much more difficult, if not impossible, for the Commission to secure appropriate relief in the public interest in its subsequent enforcement proceedings. In this case, given the foreign-based trading and the recent request to sell all 415,000 shares making the more than $8 million in proceeds available to defendants on May 9, 2007, the Commission is particularly concerned that once the defendants become aware of this lawsuit they will make arrangements to transfer assets outside of the jurisdiction of the United States.

As a result of the foregoing, the Commission respectfully requests that the Court grant its request for an *ex parte* temporary restraining order freezing assets and other relief and issue an order to show cause why a preliminary injunction should not issue against defendants.

Dated: May 8, 2007

Respectfully submitted,

_____
Reid Muoio (RM-2274)

_____
Jan M. Folena (pro hac vice pending)
Jason Anthony
Attorneys for Plaintiff
Securities and Exchange Commission
Division of Enforcement
100 F Street, N.E.
Washington, D.C. 20549-1040
Telephone: (202) 551-4738 (Folena)
Facsimile:  (202) 772-9246 (Folena)
folenaj@sec.gov