

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
Mail Stop 4030, 100 F Street, N.E.
WASHINGTON, D.C. 20549-4030

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/14/07
```

DIVISION OF
ENFORCEMENT

Jan M. Folena
Assistant Chief Litigation Counsel
Telephone: (202) 551-4738
Facsimile: (202) 772-9245

RECEIVED
CHAMBERS OF

MAY 10 2007

May 10, 2007

JUDGE S____

**VIA FACSIMILE TRANSMISSION**
Honorable Shira A. Scheindlin
U.S. District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, New York 10007

RE:   **SEC v. Kan King Wong and Charlotte Ka On Wong Leung, No. 07cv3628**

Dear Judge Scheindlin:

    I am writing regarding the Court's May 8, 2007 temporary restraining order freezing assets (order) in the above referenced matter. I have forwarded a copy of this letter to defendants by international Federal Express on May 10, 2007.

    The Commission has served defendants in this matter by the alternative service provided in the Court's May 8, 2007 order through their agent Merrill Lynch & Co. (Merrill Lynch) and by overnight international mail. Defendants have made contact with Merrill Lynch, but have not yet contacted the Commission either individually or through an attorney. Hence, the Commission is unaware of defendants' position with regard to this litigation.

    The Court has scheduled a hearing on the Commission's motion for June 18, 2007. The Commission recognizes, however, that interested parties may question the order in light of Federal Rule of Civil Procedure 65 (Rule 65) which indicates that a temporary restraining order (TRO) generally remains in effect for 10 days and may be enlarged for a like period. The Commission believes that the Court's order and the hearing date of June 18, 2007 are appropriate under the circumstances and relies upon the following authority.

    The Commission's authority to request restraining orders and/or preliminary or injunctive relief is specifically provided for pursuant to the Securities and Exchange Act (SEA). Pursuant to section 21(d) of the SEA, the Commission may bring an action to seek permanent or temporary injunctive relief or a restraining order in the United States District Courts, "whenever it shall appear to the Commission that any person is engaged or is about to engage in acts or practices constitution a violation of any provision of the Act..." Securities and Exchange Act,

Section 21(d)(1). Indeed, it is well-established that regulatory enforcement actions seeking injunctive relief are not subject to all of the same standards as those brought by private litigants. See SEC v. Cavanagh, 155 F.3d 129, 132 (2d Cir. 1998) (unlike a private litigant, the Commission need not show the risk of irreparable injury) (citing SEC v. Unifund SAL, 910 F.2d 1028, 1039-40 (2nd Cir. 1990)); SEC v. Princeton Economic International, Ltd., 73 F.Supp.2d 420, 422 (S.D.N.Y. 1999) ("In obtaining a statutory injunction, a government agency is not subject to the burdens borne by a private litigant, such as proof of irreparable injury or inadequacy of other remedies) (citing CFTC v. British Am. Commodity Option Corp., 560 F.2d 135, 141 (2nd Cir. 1977)). See also CFTC v. Muller, 570 F.2d 1296, 1300-1301 (5th Cir. 1978) (same). But see SEC v. Asset Recovery and Management Trust, S.A., 340 F.Supp.2d 1305, 1310 (M.D. Ala. 2004) (asset freeze expired in 10 days, but court immediately imposed a preliminary injunction to maintain the freeze).

FRCP 65 applies specifically to injunctions and temporary restraining orders. The Commission possesses the authority to seek injunctive relief pursuant to the SEA and, therefore, believes that it is not subject to the burdens borne by private litigants pursuant to Rule 65. In particular, the SEA does not impose a time limit on temporary restraining orders or asset freezes. Hence, the Commission believes that pursuant to the SEA and given the circumstances in this matter -- the defendants, other individuals with information regarding the facts and the documentary evidence are all located in Hong Kong -- the June 18, 2007 hearing date was appropriate and the asset freeze does not expire in 10 days, on May 18, 2007.

Should the Court have any reservations about the terms of the May 8, 2007 order freezing defendants assets and scheduling a hearing for June 18, 2007, the Commission is prepared to accommodate the Court in any manner possible. Should an interested party demand a hearing within a shorter period of time, the Commission will be prepared to proceed as ordered by the Court.

Thank you for your attention to this matter.

Very truly yours,

Jan M. Folena
Assistant Chief Litigation Counsel

cc:  Kan King Wong (by international Federal Express)
     Charlotte Ka On Wong Leung (by international Federal Express)

*[Handwritten]: The Temporary Restraining Order entered by this court on May 8, 2007, is extended until June 19, 2007.    SO ORDERED:*

*Dated: May 14, 2007*

*Shira A. Scheindlin, U.S.D.J.*