UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/31/07
```

SECURITIES AND EXCHANGE
COMMISSION,

          Plaintiff,

    v.

KAN KING WONG and
CHARLOTTE KA ON WONG LEUNG,

          Defendants.

Civil Action No.
07-CV-3628 (SAS)

### CONSENT ORDER MAINTAINING THE TEMPORARY ASSET FREEZE AND CONTINUING THE HEARING ON THE ORDER TO SHOW CAUSE

On May 8, 2007, the U.S. Securities and Exchange Commission (Commission) filed the above captioned action requesting an asset freeze; an order to show cause why the asset freeze should not be continued until the conclusion of the litigation; and other relief relating to service of process, discovery, and document preservation. On that same day the Court granted the Commission's emergency motion for an asset freeze and other relief and scheduled a hearing on the order to show cause for June 18, 2007.

The parties now consent to the following: (1) an order maintaining the freeze as to all accounts and/or assets of defendants held at Merrill Lynch & Co. (Merrill Lynch) until further order of the court following the hearing on the order to show cause; (2) a continuance of the show cause hearing until September 28, 2007, and (3) an order enlarging the time within which defendants have to provide information contained in Part III of this order, and respond to the Commission's discovery requests and its complaint. The provisions relating to expedited

discovery, alternative means of service of process, and document preservation remain in effect, with certain exceptions, and are set forth below.

Finding that there is just cause for entry of this Order, the Court orders as follows:

## I.

**IT IS HEREBY ORDERED** that, pending further order of the Court, Kan King Wong and Charlotte Ka On Wong Leung (defendants) and their officers, agents, servants, employees, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including without limitation Merrill Lynch, shall hold and retain within their control, and prevent any disposition, withdrawal, transfer or dissipation of, any accounts and/or assets at Merrill Lynch maintained in the name of or for the benefit of the defendants or any one of them. Merrill Lynch, however, is ordered to move the cash proceeds resulting from the sale of the 415,000 shares of Dow Jones Company, Inc. (DJ) stock into an interest bearing account in the name of defendants at Merrill Lynch which will remain frozen pending further order of the Court. In all other respects, Part I of the Court's order of May 8, 2007, is vacated, and the restraint described therein as to all accounts, other than all Merrill Lynch accounts, is hereby lifted.

## II.

**IT IS HEREBY FURTHER ORDERED** (i) that in addition to all other potential means of service, service of all pleadings, process, and papers in this litigation, including the summons, complaint, and this Order, may be made by serving such documents on Merrill Lynch, as agents of defendants; and that (ii) in addition to all other potential methods of service, service on defendants, directly or through their agents or attorneys, may be by facsimile, overnight courier,

mail, electronic mail, or any alternative permitted by Rule 4 of the Federal Rules of Civil Procedure, including letters rogatory, or as this Court may direct by further order.

### III.

**IT IS HEREBY FURTHER ORDERED** that each defendant shall submit the following identifying information to the Commission no later than July 16, 2007: (i) all names by which each defendant is known; defendants' business and residence addresses; defendants' post office box numbers; electronic mail addresses; telephone numbers; and facsimile numbers; and defendants' nationality; and (ii) each account held by each defendant with any financial institution or brokerage at any time between January 1, 2007 and the present.

### IV.

**IT IS HEREBY FURTHER ORDERED** that in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30, 33, 34, 36 and 45 of the Federal Rules of Civil Procedure, and the Local Rules of this Court, discovery shall proceed on the following expedited basis: (i) the Commission is authorized to take depositions upon oral examination subject to three days notice pursuant to Rule 30(a) of the Federal Rules of Civil Procedure; (ii) all depositions in this action, unless properly noticed to take place elsewhere, shall be taken within the United States; (iii) Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, defendants shall answer the Commission's written discovery, including interrogatories and requests for production, within three days of service of such discovery; (iv) pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, defendants shall produce all documents requested by the Commission within three days of service of such request; and (v) all written responses to the Commission's discovery requests

3

shall be delivered to the Commission at 100 F Street, N.E., Washington, D.C. 20549-4030, to the attention of Jan M. Folena, Assistant Chief Litigation Counsel, or such other place as counsel for the Commission may direct in writing, by overnight delivery.

Notwithstanding the foregoing, defendants shall not be obligated to respond to any discovery demand, including without limitation the Commission's May 15, 2007 interrogatories and document requests until July 16, 2007. Further, defendants Kan King Wong and Charlotte Ka On Wong Leung shall not be obligated to appear for a deposition before July 25, 2007 and July 26, 2007 respectively. Nothing in this order shall be deemed to prejudice defendants' rights to assert any defenses in this action, including, without limitation, those based on lack of personal jurisdiction or ineffective service of process.

V.

**IT IS HEREBY FURTHER ORDERED** that defendants and their officers, agents, servants, employees, and attorneys, including Merrill Lynch, are hereby restrained from destroying, mutilating, concealing, altering or disposing of any documents or other items, including any books, records, documents, agreements, correspondence, memoranda, and electronic data or communication in any form, relating to defendants' direct or indirect purchase or sale of DJ stock during the period April 1, 2007 and the present.

VI.

**IT IS HEREBY FURTHER ORDERED** that defendants or their attorneys shall appear before this Court at 2:00 p.m. on September 28, 2007, to show cause why this Court should not maintain the asset freeze and other ancillary relief entered in this order until a final adjudication of this case on the merits.

Defendants shall serve any papers in opposition to such relief by hand delivery or overnight courier service to the Commission's counsel, Jan M. Folena, Assistant Chief Litigation Counsel, Securities and Exchange Commission, 100 F Street, N.E., Washington, D.C. 20549-4010, fax number (202) 772-9245, no later than September 14, 2007. The Commission may serve and file a reply no later than September 25, 2007 and shall serve such reply brief, if any, on defendants or their attorneys by facsimile transmission, courier service or such other means as the Commission may reasonably determine will give defendants or their attorneys prompt delivery of these papers.

Defendants' time to answer or move with respect to the complaint is hereby extended to October 29, 2007.

Date: May 31, 2007

_____
HONORABLE SHIRA A. SCHEINDLIN
UNITED STATES DISTRICT JUDGE